IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| MODERN WOODMEN OF AMERICA, | ) |
| | ) Case No. 1:26-cv-60 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JEREMIAH P. BANKS, CASSANDRA M. BANKS, LUCIUS M. BANKS, NICOLE M. O'NEILL (f/k/a NICOLE M. BANKS, NICOLE LAVESSER-KENDALL, and NICOLE LAVESSER), HANNAH LAVESSER, HUNTER LAVESSER (a/k/a HUNTER KENDALL), and KAYDAN LAVESSER (a/k/a KAYDAN KENDALL), | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MODERN WOODMEN OF AMERICA'S
## COMPLAINT FOR INTERPLEADER

Plaintiff Modern Woodmen of America ("MWA") by its attorneys, Julie F. Wall and Kaitlyn E. Luther of Chittenden, Murday & Novotny LLC, states as follows for its Complaint for Interpleader:

## PARTIES

1. MWA is fraternal benefit society duly organized and existing under the laws of the State of Illinois, with its principal place of business located in at 1701 1st Ave., Rock Island, Illinois 61201, and is a citizen of the State of Illinois pursuant to 28 U.S.C. § 1332(c)(1), and not the states of Wisconsin or Florida.

2. Jeremiah P. Banks ("Jeremiah") is an individual and a citizen, resident, and domiciliary of Appleton, Wisconsin.

3. Cassandra M. Banks ("Cassandra") is an individual and a citizen, resident, and domiciliary of Jacksonville, Florida.

4. Lucius M. Banks ("Lucius") is an individual and a citizen, resident, and domiciliary of Jacksonville, Florida.

5. Nicole M. O'Neill (formerly known as Nicole M. Banks, Nicole LaVesser-Kendall, and Nicole LaVesser) ("Nicole") is an individual and a citizen, resident, and domiciliary of Sobieski, Wisconsin.

6. Hannah LaVesser ("Hannah") is an individual and a citizen, resident, and domiciliary of Black Creek, Wisconsin.

7. Hunter LaVesser (also known as Hunter Kendall) ("Hunter") is an individual and a citizen, resident, and domiciliary of Green Bay, Wisconsin.

8. Kaydan LaVesser (also known as Kaydan Kendall) ("Kaydan") is an individual and a citizen, resident, and domiciliary of Sobieski, Wisconsin.

**JURISDICTION AND VENUE**

9. This is an action in interpleader brought pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 concerning the rights and obligations of the parties pursuant to a life insurance policy, designated Certificate No. 9003732, issued by MWA, on the life of Chad M. Banks ("Chad"), in the amount of $40,000. The Court has jurisdiction over this matter under 28 U.S.C. § 1335 because diversity of citizenship exists between at least two of the Defendants and the amount at issue is in excess of $500.

10. Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action and one or more of the Defendants resides in this Judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is also

proper in this Judicial District under 28 U.S.C. § 1397 in that this is a civil action in interpleader and one or more of the claimants resides in this Judicial District.

**CLAIM FOR RELIEF IN INTERPLEADER**

11. MWA issued Certificate No. 9003732 to Chad M. Banks, as Owner, on the life of Chad M. Banks as Insured, with an Insurance Amount of $40,000, a Date of Issue of April 15, 2020, and a Register Date of May 1, 2020 (the "Certificate"). *See* Certificate No. 9003732, a redacted copy of which is incorporated herein and attached hereto as Exhibit 1.

12. The Certificate was a MyLife Protector Whole Life Insurance Policy with Maturity Date May 1, 2099. *See* Ex. 1.

13. At the time of issue, Nicole M. Banks, spouse, was the designated Principal Beneficiary of the Certificate. *See* Ex. 1.

14. At the time of issue, Hannah Lavesser, step-daughter, Hunter Kendall, step-son, and Kaydan Kendall, step-son, were the designated Contingent Beneficiaries of the Certificate. *See* Ex 1.

15. The Certificate provides, in relevant part: "If no principal beneficiary survives the Insured, such proceeds will be paid to the contingent beneficiaries living at the time of the Insured's death." Ex. 1.

16. The Certificate further provides, in relevant part: "If no designated beneficiary survives the Insured, such proceeds will be paid as stated in the By-Laws of the Society." Ex. 1.

17. MWA's By-Laws and Articles of Incorporation (the "By-Laws"), which are incorporated into the Certificate, provide in relevant part as follows regarding beneficiary designations:

> *Provided, further*, if no beneficiary survives the insured, the amount made payable under said certificate shall be payable to the insured's surviving spouse; if no spouse survives, to the insured's children, equally, a child or children of a deceased child taking the share of the deceased parent; if none such, to the insured's surviving parents; share and share alike; if no parent survives, to the insured's surviving brothers or sisters, share and share alike; and if no brothers or sisters survive, to the insured's estate.

*See* By-Laws and Articles of Incorporation, a true and correct copy of which is incorporated herein and attached hereto as Exhibit 2.

18. MWA's By-Laws further define "Children and Lawful Children" as a "beneficiary class which contains only children of a legally recognized parent and child relationship, including legal adoption." Ex. 2.

19. On or about September 21, 2022, the dissolution of marriage between Nicole and Chad was finalized in Outagamie County, Wisconsin. *See* Findings of Fact, Conclusions of Law and Judgment of Divorce and Marital Settlement Agreement, true and correct copies of which are incorporated herein and attached hereto as Exhibit 3.

20. On November 1, 2022, the Certificate lapsed due to non-payment of premiums and, under the Certificate's terms, was replaced with Temporary Term Insurance, still designated Certificate No. 9003732, in the amount of $40,000 with expiration date September 27, 2027. *See* May 2025 Annual Report, a true and correct copy of which is incorporated herein and attached hereto as Exhibit 4.

21. On September 6, 2025, Chad died while a resident of Tennessee. *See* Obituary of Chad M. Banks, a true and correct copy of which is incorporated herein and attached hereto as <u>Exhibit 5</u>.

22. Wisconsin Statutes Annotated § 854.15 provides for automatic revocation of a life insurance policy's beneficiary designation to a former spouse or relative of the former spouse as follows:

> (3) Revocation upon divorce. Except as provided in subs. (5) and (6), a divorce, annulment or similar event does all of the following:
>
> > (a) Revokes any revocable disposition of property made by the decedent to the former spouse or a relative of the former spouse in a governing instrument.

Wis. Stat. Ann. § 854.15(3)(a).

23. Wisconsin Statutes Annotated § 854.15 defines "former spouse" as "a person whose marriage to the decedent or domestic partnership with the decedent has been the subject of a divorce, annulment or similar event." Wis. Stat. Ann. § 854.15(1)(c).

24. Wisconsin Statutes Annotated § 854.15 defines "relative of the former spouse" as "an individual who is related to the former spouse by blood, adoption or marriage and who, after the divorce, annulment or similar event, is not related to the decedent by blood, adoption or marriage." Wis. Stat. Ann. § 854.15(1)(d).

25. Wisconsin Statutes Annotated § 854.15 further provides that the "provisions of a governing instrument that are revoked by this section are given effect as if the former spouse and relatives of the former spouse disclaimed the revoked provision . . . ." Wis. Stat. Ann. § 854.15(4).

26. Wisconsin Statutes Annotated § 854.15 provides several exceptions, which, if applicable, do not require revocation of a beneficiary designation. Wis. Stat. Ann. § 854.15(5).

27. Wisconsin Statutes Annotated § 854.01 defines "governing instrument" to include an insurance or annuity policy. Wis. Stat. Ann. § 854.01(2).

28. On October 10, 2025, MWA sent a letter to Nicole stating that upon review of the divorce decree between Nicole and Chad, it determined that Nicole's beneficiary designation was revoked under Wisconsin law due to the divorce. *See* October 10, 2025 Letter, a true and correct copy of which is incorporated herein and attached hereto as Exhibit 6.

29. The October 10, 2025 Letter provided 30 days for Nicole to submit legal authority, information, or documentation that she believed supported her claim that her designation as beneficiary was not revoked by her divorce from Chad. *See* Ex. 6.

30. On December 12, 2025, MWA sent a letter to Nicole to confirm that she agreed that her designation as beneficiary was revoked by her divorce from Chad. *See* December 12, 2025 Letter, a true and correct copy of which is incorporated herein and attached hereto as Exhibit 7.

31. On December 18, 2025, MWA sent letters to Hannah, Hunter, and Kaydan stating that upon review of the divorce decree between Nicole and Chad, it determined that their contingent beneficiary designations were revoked under Wisconsin law due to Nicole's and Chad's divorce. *See* December 18, 2025 Letters, true and correct copies of which are incorporated herein and attached hereto as Exhibit 8.

32. The December 18, 2025 Letters provided 30 days for Hannah, Hunter, and Kaydan to submit legal authority, information, or documentation that they believed supported their claim that their designation as contingent beneficiary was not revoked by Nicole's divorce from Chad. *See* Ex. 8.

33. On December 24, 2025, Nicole called MWA and left a voicemail stating that she intended to re-open her divorce case, she had hired an attorney to do so, and she intended to ask the divorce court for Chad's life insurance.

34. On December 31, 2025, Nicole called MWA and spoke with a claim representative, stating that she would like to make a claim to the Certificate and that her attorney would be in contact with MWA.

35. On January 7, 2026, Nicole's attorney, A.J. Williams, Protagoras Law, sent a letter to MWA stating that Nicole instructed him to reopen the divorce case and that Nicole would like to make a claim on the Certificate. *See* January 7, 2026 Letter, a true and correct copy of which is incorporated herein and attached hereto as Exhibit 9.

36. If the Court finds that Wisconsin's revocation on divorce statute, Wis. Stat. Ann. § 854.15, applies, Jeremiah, Cassandra, and Lucius—rather than Nicole or Hannah, Hunter, and Kaydan—could be the appropriate beneficiaries of the Certificate.

37. If the Court were to find that Wis. Stat. Ann. § 854.15 does not apply or the law of another state applies, Nicole or Hannah, Hunter, and Kaydan could be the appropriate beneficiaries of the Certificate.

38. Jeremiah, Cassandra, Lucius, Nicole, Hannah, Hunter, and Kaydan have actual or potential claims to the Certificate's proceeds.

39. The actual and potential claims to the Certificate's proceeds that have been or could be asserted by Jeremiah, Cassandra, Lucius, Nicole, Hannah, Hunter, and Kaydan are adverse to and conflict with each other.

40. MWA admits it is liable for the $40,000 Certificate proceeds but does not know who to pay due to the actual and potential conflicting claims to the Certificate's proceeds.

41. By reason of these actual and potential adverse and conflicting claims, MWA is unable to discharge its admitted liability under the Certificate without exposing itself to multiple litigation, liability, or both.

42. MWA is indifferent as to which of the claimants is entitled to the Certificate's proceeds and is only interested in paying and discharging its admitted liability under the Certificate once; however, it has been unable to do so by reason of the adverse and conflicting claims of the Defendants and thus files this Complaint for Interpleader.

43. Contemporaneous with the filing of this Complaint for Interpleader, MWA brings a motion for leave to deposit with the Clerk of the Court its admitted liability under the Certificate.

**WHEREFORE**, Modern Woodmen of America prays this Honorable Court enter an order or orders granting it the following relief:

A. Granting Modern Woodmen of America leave to deposit the Certificate's proceeds with this Honorable Court, or with the Clerk of this Court at the Court's direction, subject to further Order of this Court;

B. Enjoining Jeremiah P. Banks, Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (formerly known as Nicole M. Banks, Nicole LaVesser-Kendall, and Nicole LaVesser), Hannah LaVesser, Hunter LaVesser (also known as Hunter Kendall), and Kaydan LaVesser (also known as Kaydan Kendall), and any person or entity claiming by or through any of them, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Modern Woodmen of America in any state or federal court or other forum with respect to proceeds payable under the terms of Certificate No. 9003732, or on account of the

death of Chad M. Banks, the Insured, and that said injunction issue without bond or surety;

C. Granting judgment to Modern Woodmen of America on its Complaint for Interpleader with the finding that it has no further liability to Jeremiah P. Banks, Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (formerly known as Nicole M. Banks, Nicole LaVesser-Kendall, and Nicole LaVesser), Hannah LaVesser, Hunter LaVesser (also known as Hunter Kendall), or Kaydan LaVesser (also known as Kaydan Kendall), or to any person or entity claiming by or through any of them, for the proceeds payable under the terms of Certificate No. 9003732 or on account of the death of Chad M. Banks, with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

D. Entering an Order finding that Modern Woodmen of America has acted in good faith by interpleading the proceeds of Certificate No. 9003732 and depositing its admitted liability with the Clerk of the Court;

E. Excusing and dismissing Modern Woodmen of America from further attendance on this cause with prejudice and ordering the adverse and potentially adverse claimants, Jeremiah P. Banks, Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (formerly known as Nicole M. Banks, Nicole LaVesser-Kendall, and Nicole LaVesser), Hannah LaVesser, Hunter LaVesser (also known as Hunter Kendall), and Kaydan LaVesser (also known as Kaydan Kendall), to litigate their claims and contentions to the proceeds of Certificate No. 9003732, without further involving Modern Woodmen of America;

F. Awarding Modern Woodmen of America its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court or its Clerk; and

G. Granting Modern Woodmen of America such further and other relief as this Court deems just and appropriate.

Dated: January 13, 2026.

                            Respectfully submitted,

                            CHITTENDEN, MURDAY & NOVOTNY, LLC

                            By: /s/ Kaitlyn E. Luther
                                   One of the Attorneys for Plaintiff
                                   Modern Woodmen of America

Julie F. Wall (jwall@cmn-law.com)
Kaitlyn E. Luther (kluther@cmn-law.com)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)