**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**MODERN WOODMEN OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 26-CV-60**

**JEREMIAH P. BANKS, et al.,**

**Defendants.**

# ORDER

Modern Woodmen of America filed this interpleader action to resolve a dispute over the proceeds of a $40,000 insurance policy on the life of Chad M. Banks. Modern Woodmen named as defendants Jeremiah P. Banks, Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill, Hannah Everard, Hunter LaVesser, and Kaydan LaVesser.

The case arises from a life insurance policy wherein Chad named his wife, Nicole as the beneficiary (ECF No. 1, ¶ 13) and her children, Hannah, Hunter, and Kaydan, as contingent beneficiaries (ECF No. 1, ¶ 14). Chad and Nicole then divorced in 2022. (ECF No. 1, ¶ 19.) The divorce triggered the statutory presumption revoking Chad's designation of Nicole as the beneficiary and her children as contingent beneficiaries. *See* Wis. Stat. § 854.15. According to the obituary appended to the complaint, Jeremiah, Cassandra, and Lucius are Chad's children. (ECF No. 1-5 at 2.)

Only Jeremiah (ECF No. 31) appeared and answered the complaint. The court dismissed Hannah Everard (ECF No. 11, 12) after she disclaimed any interest in the subject property.

Before the court are two motions. Modern Woodman seeks leave to deposit the subject property (ECF No. 4) and default judgment as to the defaulted defendants (ECF No. 33).

The plaintiff's motion to deposit (ECF No. 4) is **GRANTED**. Modern Woodmen of America is granted leave to deposit with the Clerk of Court its admitted liability on Certificate No. 9003732 in the amount of $40,000.00, plus applicable interest, into the Registry of this Court. The Clerk of this Court shall accept the deposit into the Registry of this Court for ultimate disposition by order of the court.

As to the plaintiff's motion for default judgment, Cassandra waived service on February 23, 2026. (ECF No. 13.) Nicole waived service on January 30, 2026. (ECF No. 7.) Kaydan waived service on February 8, 2026. (ECF No. 10.) The plaintiff served Lucius on April 25, 2026. (ECF No. 20.) The court on June 12, 2026, granted the plaintiff's motion to serve Hunter by publication. (ECF No. 23.) Service by publication was completed on June 26, 2026. (ECF No. 25.) None have answered the complaint. Based on these events, the Clerk entered default against these defendants on August 20, 2026. The plaintiff now asks the court to enter default judgment.

In a declaration submitted in support of the plaintiff's motion for default, plaintiff's counsel states that, based on her review of publicly available military records, it appears that Hunter LaVesser is currently serving in the Air Force under

the name Hunter Kendall (which the plaintiff alleges is an alternative name of the defendant). (ECF No. 32-1, ¶ 25.) Consequently, the court cannot enter default judgment against Hunter LaVesser. *See* 50 U.S.C. § 3931. Rather, the court must first appoint counsel for Hunter LaVesser. 50 U.S.C. § 3931(b)(2).

As for the entry of judgment against the other defaulted defendants—Cassandra M. Banks, Nicole M. O'Neill, Kaydan LaVesser, and Lucius M. Banks—ordinarily, the court will not enter judgment against certain defendants while the action remains pending. *Cf.* Fed. R. Civ. P. 54(b) (authorizing the entry of partial judgment "only if the court expressly determines that there is no just reason for delay"). Doing so often creates the risk of inconsistent judgments. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1258 (7th Cir. 1980) (discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554, 21 L.Ed. 60, 61 (1872)); *see also Marshall & Ilsley Tr. Co. v. Pate*, 819 F.2d 806, 812 (7th Cir. 1987).

An interpleader action, however, is unusual in that the individual defendants' interests are commonly adverse rather than aligned. Moreover, the traditional concern of the court entering default judgment against a defendant on a claim that another defendant later proves to be meritless is not present in an interpleader action. An interpleader defendant does not face liability, and thus default judgment does not result in a concession of liability where none may exist. Rather, default against an interpleader defendant is merely a disclaimer of interest in the subject property. As Hannah's disclaimer reflects, interpleader defendants routinely concede they lack any claim to the subject property.

Nonetheless, the court declines to enter default judgment as to any defendant at this point. At this preliminary stage, it appears that there is some risk of inconsistent judgments, although perhaps not implicating the sorts of concerns implicated under what is commonly referred to as the *Frow* rule. Therefore, given this uncertainty and the uncertainty regarding Hunter's status, the motion for default judgment is **DENIED WITHOUT PREJUDICE**.

Given the uncertainty as to how long it will take for the court to appoint counsel for Hunter and for counsel to either contact Hunter or exhaust counsel's efforts to do so, this action is **STAYED**. The Clerk is **DIRECTED** to close this action for administrative purposes. Absent a motion of a party, the court will vacate the stay upon appointed counsel reporting Hunter's status, an appearance by Hunter, or receipt of notice from Hunter disclaiming any interest in the subject property.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 9th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge