**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MODERN WOODMEN OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 26-CV-60**

**JEREMIAH P. BANKS, et al.,**

**Defendants.**

---

# ORDER

---

Modern Woodmen of America filed this interpleader action to resolve a dispute over the proceeds of a $40,000 insurance policy on the life of Chad M. Banks. *See* 28 U.S.C. § 1335. Modern Woodmen named as defendants Jeremiah P. Banks, Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill, Hannah Everard, Hunter LaVesser, and Kaydan LaVesser.

The case arises from a life insurance policy wherein Chad named his wife, Nicole as the beneficiary (ECF No. 1, ¶ 13) and her children, Hannah, Hunter, and Kaydan, as contingent beneficiaries (ECF No. 1, ¶ 14). Chad and Nicole then divorced in 2022. (ECF No. 1, ¶ 19.) The divorce triggered the statutory presumption revoking Chad's designation of Nicole as the beneficiary and her children as contingent beneficiaries. *See* Wis. Stat. § 854.15. According to the obituary appended to the complaint, Jeremiah, Cassandra, and Lucius are Chad's children. (ECF No. 1-5 at 2.)

Only Jeremiah (ECF No. 31) appeared and answered the complaint. The court dismissed Hannah Everard (ECF No. 11, 12) after she agreed she did not have any interest in the subject property.

The court on September 9, 2026, granted Modern Woodmen's motion to deposit the disputed funds. (ECF No. 36.) However, the court denied Modern Woodmen's motion for default judgment because a declaration of plaintiff's counsel indicated that one of the defaulted defendants, Hunter LaVesser, may be on active duty in the Air Force. Therefore, the court stayed the action pending proceedings under the Servicemembers Civil Relief Act.

Modern Woodmen has now moved for relief from that order, noting that its counsel submitted a subsequent declaration stating that Hunter LaVesser was not on active duty. (ECF No. 37; *see also* ECF No. 34, ¶ 25.) Consequently, the Servicemembers Civil Relief Act is inapplicable.

The court's prior stay is hereby **VACATED**. The plaintiff's motion (ECF No. 37) is **GRANTED**. *See* Fed. R. Civ. P. 54(b).

As the court stated in its prior order, Cassandra waived service on February 23, 2026. (ECF No. 13.) Nicole waived service on January 30, 2026. (ECF No. 7.) Kaydan waived service on February 8, 2026. (ECF No. 10.) The plaintiff served Lucius on April 25, 2026. (ECF No. 20.) The court on June 12, 2026, granted the plaintiff's motion to serve Hunter by publication. (ECF No. 23.) Service by publication was completed on June 26, 2026. (ECF No. 25.) None have answered the complaint. Based

on these events, the Clerk entered default against these defendants on August 20, 2026.

Modern Woodmen's Motion for Default Judgment Against Defendants Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (f/k/a Nicole M. Banks, Nicole LaVesser Kendall, and Nicole LaVesser), Hunter LaVesser (a/k/a Hunter Kendall), and Kaydan LaVesser (a/k/a Kaydan Kendall), (Doc. No. 36), is **GRANTED.**

Defendants Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (f/k/a Nicole M. Banks, Nicole LaVesser Kendall, and Nicole LaVesser), Hunter LaVesser (a/k/a Hunter Kendall), and Kaydan LaVesser (a/k/a Kaydan Kendall) are enjoined, permanently and perpetually, from commencing or prosecuting any proceeding or claim against Modern Woodmen and/or its agents in any state or federal court or other forum with respect to the proceeds payable under the terms of Certificate No. 9003732, and on account of the death of Chad M. Banks, the insured, and said injunction shall issue without bond or surety.

Judgment is granted to Modern Woodmen with the finding that it has no further liability to Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (f/k/a Nicole M. Banks, Nicole LaVesser Kendall, and Nicole LaVesser), Hunter LaVesser (a/k/a Hunter Kendall), and Kaydan LaVesser (a/k/a Kaydan Kendall) or any person or entity claiming through them, for the death benefit payable under the terms of Certificate No. 9003732, and on account of the death of Chad M. Banks, with an express finding of finality pursuant to Fed. R. Civ. P. 54(b).

Default judgment is entered against Defendants Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (f/k/a Nicole M. Banks, Nicole LaVesser Kendall, and Nicole LaVesser), Hunter LaVesser (a/k/a Hunter Kendall), and Kaydan LaVesser (a/k/a Kaydan Kendall) pursuant to Fed. R. Civ. P. 55(b)(2) on the Complaint for Interpleader as set forth herein.

"When a named interpleader defendant fails to answer an interpleader complaint and assert a claim to the *res*, he forfeits any claim of entitlement that he may have asserted." *Farmers New World Life Ins. Co. v. Gathright*, No. 3:18-CV-176-JD-MGG, 2019 U.S. Dist. LEXIS 155779, at *7-8 (N.D. Ind. Sep. 12, 2019). Defendants Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (f/k/a Nicole M. Banks, Nicole LaVesser Kendall, and Nicole LaVesser), Hunter LaVesser (a/k/a Hunter Kendall), and Kaydan LaVesser (a/k/a Kaydan Kendall) having failed to appear or otherwise defend this action have forfeited any claim they may otherwise have had in the subject property.

However, Jeremiah P. Banks, alone having appeared, does not automatically receive the subject property. He must still prove that he is entitled to the property.

The undisputed record demonstrated that Chad and Nicole divorced subsequent to Chad having designated Nicole as the primary beneficiary and her children as contingent beneficiaries. (ECF No. 1-3.) Their marital settlement agreement explicitly awarded to Chad the "Modern Woodman life insurance in his name." (ECF No. 1-3 at 11, sec. 3. B. 5.)

Their divorce revoked Chad's beneficiary designations. *See* Wis. Stat. § 854.15(3). The effect of this revocation is for the court to treat Nicole and her children as if they had disclaimed their interest in the life insurance proceeds. Wis. Stat. § 845.15(4). A party that disclaims an interest in property created by a governing instrument is regarded as if the disclaimant predeceased the donee. Wis. Stat. § 854.13(7)(a).

The life insurance policy provides, in relevant part, "if no beneficiary survives the insured, the amount made payable under said certificate shall be payable to the insured's surviving spouse; if no spouse survives, to the insured's children, equally, equally, a child or children of a deceased child taking the share of the deceased parent …." (ECF No. 1-2 at 11, sec. 22; *see also* ECF Nos. 1-1 at 12; 1-2 at 9-10, sec. 19.)

It is undisputed that Jeremiah is Chad's child. (ECF Nos. 1-5 at 2; 31, ¶ 45.) It is also undisputed that Chad has two other children, Cassandra and Lucius. (ECF No. 1-5 at 2.) Accordingly, Jeremiah seeks only one-third of the subject property with the reminder divided equally between Cassandra and Lucius. (ECF No. 31 at 8-9.)

However, Cassandra and Lucius have defaulted. Default is a forfeiture of interest; the court cannot identify any authority holding that in the interpleader context it should be regarded as a disclaimer to the subject property. Indeed, regarding default as a disclaimer would be inconsistent with the formalities required under Wisconsin's disclaimer statute, Wis. Stat. § 854.13.

The distinction between forfeiture and disclaimer is material because if default was a disclaimer under Wis. Stat. § 854.13, then any child of Cassandra and Lucius

would then have a plausible interest in the subject property. (ECF No. 1-2 at 11, sec. 22.) Chad's obituary states that he had at least one grandchild, although it does not state which of Chad's children is her parent. (ECF No. 1-5 at 2.) The court finds that default results in forfeiture rather than disclaimer, and thus Jeremiah alone has an interest in the subject property.

The court also acknowledges that Cassandra's and Lucius's default may more practically reflect an informal agreement among the siblings to have Jeremiah handle the present proceedings on their behalf and informally share the proceeds with them. Such an arrangement is not unreasonable under the circumstances of the present action.

For present purposes, Jeremiah being the sole claimant, he alone is entitled to the subject property. In light of all other defendants having defaulted, there is nothing further for the court to decide before the entry of judgment against Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill, Hunter LaVesser, and Kaydan LaVesser, and in favor of Jeremiah P. Banks.

Accordingly, the court **ORDERS** the Clerk to enter default judgment Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill, Hunter LaVesser, and Kaydan LaVesser and judgment in favor of Jeremiah P. Banks with respect to the subject property.

The court, however, will not yet order the Clerk to disperse the subject property to Jeremiah. Modern Woodman has requested its actual costs and attorney fees, with such fees and costs deducted from the subject funds. (ECF No. 1 at 10.) Within **14**

**days** of this order, Modern Woodman shall either state it is waiving its fees and costs or file a motion seeking any such fees or costs. Jeremiah shall respond within **14 days** of any such motion.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 6th day of October, 2026.

*s/ Byron B. Conway*
Byron B. Conway
U.S. District Judge