**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| **MODERN WOODMEN OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEREMIAH P. BANKS, CASSANDRA M. BANKS, LUCIUS M. BANKS, NICOLE M. O'NEILL (f/k/a NICOLE M. BANKS, NICOLE LAVESSER-KENDALL, and NICOLE LAVESSER), HANNAH LAVESSER, HUNTER LAVESSER (a/k/a HUNTER KENDALL), and KAYDAN LAVESSER (a/k/a KAYDAN KENDALL),**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:26-cv-00060-BBC**<br><br>**Judge Byron B. Conway** |

**<u>AGREED FINAL JUDGMENT ORDER IN INTERPLEADER</u>**

This Order coming before the Court on Modern Woodmen of America's ("Modern Woodmen") Agreed Motion for Final Judgment Order in Interpleader, due notice having been given and the Court being fully advised in the premises:

**THE COURT HEREBY FINDS THAT:**

1. On January 13, 2026, Modern Woodmen filed its Complaint for Interpleader pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 to resolve competing claims to the proceeds of a life insurance policy, designated Certificate No. 9003732, issued by Modern Woodmen, on the life of Chad M. Banks (the "Certificate").

2. The Defendants to the Complaint were Jeremiah Banks, Cassandra M. Banks, Lucius M. Banks, Nicole M. O'Neill (f/k/a Nicole M. Banks, Nicole LaVesser Kendall, and Nicole LaVesser), Hannah LaVesser, Hunter LaVesser (a/k/a Hunter Kendall), and Kaydan LaVesser (a/k/a Kaydan Kendall).

3. On September 23, 2026, Modern Woodmen deposited its admitted liability under the Certificate plus accrued interest, into the Registry of this Court (the "Funds on Deposit"), subject to this Court's further order as to whom among the Defendants is entitled to receive those proceeds.

4. All of the Defendants but Jeremiah P. Banks have had default judgment entered against them or disclaimed interest. The only remaining Defendant is Jeremiah P. Banks.

5. Jeremiah P. Banks has agreed that Modern Woodmen should be awarded $9,000.00, representing a portion of its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader and which represents full and final satisfaction of Modern Woodmen's claim for attorneys' fees and costs from the Funds on Deposit, to be deducted from the Funds on Deposit with the Court. Jeremiah P. Banks further has agreed to the relief sought in this Agreed Motion for Final Judgment Order in Interpleader.

6. This Court has jurisdiction over the subject matter of this cause and over the parties.

7. Modern Woodmen has established that there are competing claims and that a real and reasonable fear of multiple liability exists, and it has done all that is required by law to perfect its interpleader action.

8. Modern Woodmen has acted in good faith by interpleading the proceeds of Certificate No. 9003732 and depositing its admitted liability with the Clerk of the Court.

9. Modern Woodmen is entitled to be discharged from this litigation in accordance with the terms hereinafter provided in this Agreed Order.

**IT IS HEREBY ORDERED THAT:**

A. Jeremiah P. Banks, and any person or entity claiming by or through him, are enjoined during the pendency of this case and thereafter permanently and perpetually, from

commencing or prosecuting any proceeding or claim against Modern Woodmen of America in any state or federal court or other forum with respect to proceeds payable under the terms of Certificate No. 9003732, or on account of the death of Chad M. Banks, the Insured, and that said injunction issue without bond or surety;

B. Judgment is granted to Modern Woodmen of America and against Jeremiah P. Banks, and to any person or entity claiming by or through him, on its Complaint for Interpleader, with the finding that it has no further liability to any of them for the proceeds payable under the terms of Certificate No. 9003732 or on account of the death of Chad M. Banks;

C. Modern Woodmen of America has acted in good faith by interpleading the proceeds of Certificate No. 9003732 and depositing its admitted liability with the Clerk of the Court;

D. The Clerk is ordered to disburse the Funds on Deposit as follows:

    1. A check for $9,000.00 made payable to Modern Woodmen of America, which shall be mailed to Kaitlyn E. Luther, Chittenden, Murday, & Novotny LLC, 303 W. Madison, Suite 2400, Chicago, Illinois 60606;

    2. A check for $32,226.70, the remainder of the Funds on Deposit, plus any accrued interest, made payable to Jeremiah Banks, which shall be mailed to Jeremiah Banks, 1014 W. Hawes Ave., Appleton, WI 54914-2722; and

E. This action is dismissed with prejudice.

Dated: October 22, 2026

*s/ Byron B. Conway*
Byron B. Conway
U.S. District Judge